UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| NICHOLAS MEINERT and NICOLE MEINERT, Individually and as Husband and Wife, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL NO. 2:12cv92 |
| UNITED STATES STEEL CORPORATION, PRAXAIR, INC. a/k/a PRAXAIR DISTRIBUTION, INC., WELDING COMPANY OF AMERICA, ALBION CASTERS, INC. d/b/a ALBION INC., and ALBION INDUSTRIES d/b/a ALBION, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by defendant United States Steel Corporation ("U.S. Steel") on February 26, 2013. The plaintiffs, Nicholas Meinert and Nicole Meinert, have not filed a response. However, on October 16, 2013, defendants Welding Company of America ("Weldcoa") and Albion Industries, d/b/a Albion, Inc. ("Albion"), filed a joint response. On October 29, 2013, defendant Praxair filed a notice of joinder in the response of Weldcoa and Albion. On November 4, 2013, U.S. Steel filed a reply.

On January 13, 2014, this court held a telephonic conference with the parties to discuss the lack of cross-claims in this case, and requested further briefing. On January 24, 2014, the defendants filed their joint supplemental brief, and on February 4, 2014, U.S. Steel filed its supplemental brief.

For the following reasons, the motion for summary judgment will be granted.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Discussion

Plaintiff Nicholas Meinert ("Meinert") filed the current lawsuit as a result of an accident that occurred in Kvaerner's tool shop, located within Kvaerner's equipment yard, at the U.S. Steel Gary Works facility in Gary, Indiana on June 9, 2011. U.S. Steel contends that Kvaerner's equipment yard is under the control of Kvaerner personnel during normal business hours, and any activities by Kvaerner personnel that take place within Kvaerner's equipment yard or tool shop are supervised solely by Kvaerner personnel. At the time of his injury, Meinert was helping to restock tools in the Kvaerner tool shed.

In support of its motion for summary judgment, U.S. Steel argues that it did not owe

2

Meinert a legal duty at the time of his injury, and thus could not breach any legal duty. U.S. Steel points out that it did not have any control over Kvaerner's tool shop and was not responsible for Meinert's safety. Nor was U.S. Steel's conduct a proximate cause of Meinert's injury, because Kvaerner had sole control over the area in which Meinert was injured.

As noted above, the plaintiffs have not responded to the motion for summary judgment. Defendants Weldcoa and Albion, however, have objected to the motion, asserting that there are genuine issues of material fact regarding whether U.S. Steel assumed a duty owed to Meinert. These defendants also assert that summary judgment is premature due to ongoing discovery.

U.S. Steel, in its reply brief, raised the issue of whether Weldcoa and Albion have standing to oppose the motion for summary judgment. U.S. Steel argues that co-defendants do not have standing to oppose a defendant's motion for summary judgment when the motion is unopposed by the plaintiff and where the defendants have not filed claims against each other. U.S. Steel cites to *Rosenbaum v. Freight, Lime and Sand Hauling, Inc.*, 2012 WL 4832248, at *2-3 (N.D. Ind. Oct. 10, 2012), which, in turn, cites to *Blonder v. Casco Inn Residential Care, Inc.*, 2000 WL 761895, at *1 (D.Me. May 4, 2000).

In their supplemental briefing on the issue, the defendants acknowledge the clear holding of *Rosenbaum*, but urge this court to not follow *Rosenbaum* because that opinion, rendered by a district court, is not binding precedent. The defendants also note that the district court opinion in *Rosenbaum* only cites to district court opinions and not to any binding appellate court decisions from any circuit. Lastly, the defendants argue that neither the Federal Rules of Civil Procedure nor the Northern District Local Rules restrict the right to oppose a summary judgment to a party with a "claim" against the movant.

3

The defendants are correct in all their assertions. However, the defendants have not cited to any appellate or district court decisions that have decided the issue in their favor by permitting a defendant to defeat a co-defendant's unopposed motion for summary judgment. Although *Rosenbaum* is not controlling precedent, this court concurs with Judge Lozano's excellent analysis of the issue. *See Rosenbaum*, at *2-4. As the plaintiffs are the masters of their claims, and have chosen to not oppose the motion for summary judgment, the court finds that the purpose and intent of Rule 56 summary judgment motions is best served by denying standing to the co-defendants.

U.S. Steel has put forth undisputed evidence that it had no control over the facility at which Meinert's injury occurred, had no duty to ensure Meinert's safety, and did not breach any duty towards Meinert. Accordingly, summary judgment will be granted in favor of U.S. Steel.

## Conclusion

On the basis of the foregoing, U.S. Steel's motion for summary judgment [DE 45] is hereby GRANTED.

Entered: February 25, 2014.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court