IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NICHOLAS MEINERT and <br> NICOLE MEINERT, Individually <br> and as Husband and Wife, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | CAUSE NO. 2:12-CV-00092-WCL-APR |
| UNITED STATES STEEL <br> CORPORATION, PRAXAIR, INC. a/k/a <br> PRAXAIR DISTRIBUTION, INC. and <br> WELDING COMPANY OF AMERICA, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Extend Dispositive Motion Deadline [DE 87] filed by the defendants on June 12, 2014, and the Motion to Amend Answers to Identify Additional Non-Parties [DE 88] filed by Welding Company of America and Albion Industries on June 12, 2014.

In light of the absence of response in opposition, the Motion to Extend Dispositive Motion Deadline [DE 87] is **GRANTED**. The dispositive motion deadline is **EXTENDED** to and including January 30, 2015.

Welding Co. and Albion ask the court for leave to amend their answer to name additional non-parties. This matter arises from an accident involving a cylinder cart that caused injuries to the plaintiff, Nicholas Meinert. The defendants argue that during the course of discovery, they learned that the Teamsters would assist with operating forklifts in the equipment yard of Meinert's employer, Aker, and that the Teamsters were trained by Aker. The defendants suggest that the Teamsters may have caused damage to the cylinder cart involved in Meinert's accident

1

while they were moving it with a forklift and may have caused Meinert's injuries. The defendants seek leave to amend their answers to assert a non-party defense naming the Teamsters.

The defendants further explain that during a recent deposition, a representative of Praxair testified that Syl-Tec performed maintenance and repair on the cylinder carts. Syl-Tec might have been in a position to address the pre-existing damage to the caster on the cylinder cart in question or the damage may have been caused while the cart was in the possession of Syl-Tec. For these reasons, the defendants also wish to name Syl-Tec as part of their non-party defense in their amended answer.

Under Indiana's Comparative Fault Act, a defendant may raise a non-party defense, asserting that the plaintiff's damages were caused in full or part by a non-party. Ind. Code § 34-51-2-14.

> A nonparty defense that is known by the defendant when the defendant files the defendant's first answer shall be pleaded as a part of the first answer. A defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness. However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. The trial court may alter these time limitations or make other suitable time limitations in any manner that is consistent with:
>
> > (1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and
> >
> > (2) giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim.

Ind. Code § 34-51-2-16.

Welding removed this action to federal court on March 2, 2012, and its attorney

entered her appearance three days later. Albion later was served, and its attorney entered her appearance on September 27, 2012, and it filed its answer on October 25, 2012. Because the statute of limitations expired on June 9, 2013, Welding and Abion both were served with the complaint and summons within 150 days of the applicable statute of limitations. Therefore, Indiana Code § 34-51-2-16 mandated that they raise any non-party defenses by April 25, 2013, 45 days before the expiration of the applicable statute of limitations.

Although § 34-51-2-16 provides exceptions, the defendants have not shown that they are entitled to amend their answer at this late stage. The defendants did not assert in their motion that they were not given a reasonable time to discover the non-party defense prior to the expiration of the time limit imposed by § 34-51-2-16, nor did they file a reply to explain why the court now should grant them leave to amend. The defendants had ample opportunity to amend their answers to state the non-party defense within the time period permitted by § 34-51-2-16, and absent a valid explanation why the defendants could not comply, the defendants will not be permitted to amend their answers at this stage of the proceedings. *See* ***Terre Haute Warehousing Service, Inc. v. Grinnell fire Protection Systems Co.***, 193 F.R.D. 554, 558 (S.D. Ind. 1999)("Indiana's Comparative Fault Act does not permit a defendant to plead a nonparty defense after the applicable period of limitation if the defendant was sued more than 150 days before the expiration of that period, even if the defendant did not have a reasonable opportunity to discover the nonparty defense before expiration of that period."); ***McClain v. Chem-Lube Corp.***, 759 N.E.2d 1096, 1106 (Ind. App. 2001)(denying leave to amend answer to name non-party because defendant had ample opportunity prior to the running of the statute of limitations

to identify, develop, and assert non-party defense).  The Motion to Amend Answers to Identify Additional Non-Parties [DE 88] is **DENIED.**

**ENTERED** this 25th day of July, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge