UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NICHOLAS MEINERT and<br>NICOLE MEINERT, Individually and as<br>Husband and Wife,<br><br>      Plaintiffs,<br><br>   v.<br><br>PRAXAIR INC, *et al.*,<br><br>      Defendants. | Case No. 2:12-cv-92 |

**OPINION AND ORDER**

This matter is before the court on the Motion to Designate Sur-Rebuttal Experts [DE 119] filed by the defendants, Praxair, *et al.*, on August 15, 2016. For the following reasons, the motion is **GRANTED**.

*Background*

This case arose from an injury that occurred on June 9, 2011 on the premises of United States Steel Corporation. The plaintiffs, Nicholas and Nicole Meinert, have alleged that Nicholas Meinert (Meinert) suffered injuries to his leg as a result of an accident. The plaintiffs filed the complaint on January 30, 2012. Throughout this matter, the court has granted multiple extensions of time to the parties.

On March 2, 2016, a status conference was held, and the court set a deadline that the defendants file a motion for leave to identify additional experts by May 31, 2016. On May 26, 2016, the defendants filed a Motion for Extension of Certain Deadlines [DE 117]. The court granted the motion and ordered that the defendant file a motion for leave to designate additional experts by August 15, 2016. On August 15, 2016, the defendants filed a Joint Motion to

Designate Sur-Rebuttal Experts [DE 119], and the plaintiffs objected to such request on August 22, 2016. The defendants filed the Reply to Plaintiffs' Objection [DE 120] on August 29, 2016.

*Discussion*

"The proper function of rebuttal evidence is to contradict, impeach, or defuse the impact of the evidence offered by an adverse party." ***Peals v. Terre Haute Police Dept.***, 535 F.3d 621, 630 (7th Cir. 2008) (quoting ***U.S. v. Grintjes***, 237 F.3d 876, 879 (7th Cir. 2001)). Great deference is accorded to the discretion and judgment of the trial court when granting or denying party's motion for rebuttal or surrebuttal testimony. **Federal Rules Evidence Rule 611(a), 28 U.S.C.A.**

The court has vast discretion in the oversight and scheduling of discovery under the Federal Rules of Civil Procedure. ***Cf. Crawford–El v. Britton***, 523 U.S. 574, 598 (1998); ***Semien v. Life Insurance Co. of N.A.***, 436 F.3d 805, 813 (7th Cir. 2006). Discretion denotes the absence of a hard and fast rule. ***Langnes v. Green***, 282 U.S. 531, 541 (1931)**; *Rogers v. Loether*,** 467 F.2d 1110, 1111–12 (7th Cir. 1972); ***Lee v. Chicago Youth Centers***, 2015 WL 468879, at *2 (N.D. Ill., 2015). Under this standard, a court must act "with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." ***Langnes***, 282 U.S. at 541. An abuse of discretion occurs when no reasonable person could agree with the district court's decision. ***Adams v. City of Indianapolis***, 742 F.3d 720, 727 (7th Cir. 2014); ***Cincinnati Life Ins. Co. v. Beyrer***, 722 F.3d 939, 953 (7th Cir. 2013).

**Federal Rule of Civil Procedure 16(b)(4)** provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court. ***Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust***, 290 F.3d 843, 851 (7th Cir. 2002). Good cause sufficient for altering

discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Pursuant to **Rule 26(a)(2)(A)** parties must disclose the identity of any witness who may present evidence under **Federal Rule of Evidence 702, 703, or 705**. Rule 26(a)(2) splits expert witnesses into two categories: retained or specially employed expert witnesses and other expert witnesses. **Federal Rule of Civil Procedure 26(a)(2)(B) and (C).** A retained or specially employed expert witness must disclose a written report prepared and signed by the witness. **Federal Rule of Civil Procedure 26(a)(2)(B)**; *see Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) ("[O]nly those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756–57 (7th Cir. 2004)). Additionally, Rule 26 requires a party to supplement any disclosures in a timely manner if the party learns the disclosure is incomplete or incorrect in a material respect and if the additional or corrective information has not otherwise been disclosed to the other parties. **Federal Rule of Civil Procedure 26(e)(1)(A).**

The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony, so the opposing party may form an appropriate response. *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010); *Musser*, 356 F.3d at 757–58. The admissibility of expert evidence is governed by **Federal Rule of Evidence 702**, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), and its progeny. *Winters v. FruCon Inc.*, 498 F.3d 734, 741 (7th Cir. 2007). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an

> opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. **Federal Rule of Evidence 403.**

The defendants are requesting to designate two sur-rebuttal experts. The defendants claim that at the mediation on October 21, 2015, Meinert indicated for the first time that his injuries from the accident have prohibited him from working in his prior profession as a Boilermaker. The defendants discovered that Meinert was employed at Kat's Sod Farm. Also, the defendants claim that the testimony of the plaintiffs, at their June 29, 2016 and July 28, 2016 depositions, established the need for the additional experts to testify regarding Meinert's ability to work as a Boilermaker and the alleged lost income claim. At the deposition, the defendants learned about the differences in employee benefits, hourly rates, and number of hours worked from Meinert's prior employment. Also, Meinert currently works as a volunteer fireman. The reported changes in Meinert's employment require the defendants to designate an orthopedic surgeon and an economist.

The plaintiffs have argued that Meinert claimed lost wages in the Answers to Interrogatories in 2012. Also, the treating physicians' expert reports indicated a loss in wages and a restriction in job opportunities. The plaintiffs indicated that there has been no change in Meinert's injury since his August 2013 deposition.

4

The defendants have properly requested leave of the court and have demonstrated good cause to add the orthopedic surgeon and economist as experts. The addition of these experts will not cause undue delay or severely prejudice the plaintiffs as fact discovery pertaining to damages still is ongoing. The plaintiffs alleged that there has been no change in Meinert's injury since his August 20, 2013, deposition. However, a change in employment due to his physical limitations resulting from his injury has an impact on the claim for damages. The addition of new experts will address the plaintiffs' damages claim.

Based on the foregoing reasons, the Motion to Designate Sur-Rebuttal Experts is **GRANTED**. The defendants are to disclose the sur-rebuttal experts and produce reports to the plaintiffs' counsel within twenty-eight days of this order.

ENTERED this 21st day of September, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge