IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NICHOLAS MEINERT and NICOLE MEINERT, Individually and as Husband and Wife, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:12-cv-92 ) |
| PRAXAIR, INC. a/k/a PRAXAIR DISTRIBUTION, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

# OPINION AND ORDER

This matter is before the court on the Joint Motion to Strike Plaintiffs' Untimely Expert Report [DE 123] filed by the defendants, Praxair Distribution, Inc. and Albion Industries, on September 7, 2016, and the Motion for Leave to Identify Additional Experts [DE 135] filed by the plaintiffs, Nicholas and Nicole Meinert, individually and as husband and wife, on October 17, 2016. For the following reasons, the Joint Motion to Strike Plaintiffs' Untimely Expert Report [DE 123] is **GRANTED,** and the Motion for Leave to Identify Additional Experts [DE 135] is **DENIED.**

*Background*

This case arose from an injury sustained by the plaintiff, Nicholas Meinert, on June 9, 2011. Pursuant to a court order on May 2, 2014, the court extended the expert disclosure deadlines to August 1, 2014 for the plaintiffs and October 5, 2014 for the defendants. On August 1, 2014, the plaintiffs served three expert reports and identified numerous medical providers as expert witnesses.

Again pursuant to a court order on October 2, 2014, the court ordered the plaintiffs to disclose supplemental expert witnesses by December 1, 2014.  The plaintiffs indicated that they disclosed the reports of three treating physicians.  The defendants did not disclose any medical experts or damage witnesses by their January 30, 2015 deadline.

On January 1, 2015, after the plaintiffs' expert disclosure deadline, Nicholas Meinert changed jobs due to the injuries he sustained.  On March 2, 2016, the parties appeared for a status conference.  At the status conference, the defendants advised that the court that they needed additional sur-rebuttal defense experts since the plaintiffs had communicated new information regarding Nicholas Meinert's employment status and damages had not been disclosed in discovery.  The court extended certain deadlines, specifically, the defendants to file motion for leave to identify additional experts by May 31, 2016.  On May 27, 2016, the deadline was extended until August 15, 2016.

On August, 15, 2016, the defendants filed the Motion to Designate Sur-Rebuttal Experts [DE 119].  In that motion, the defendants requested an economist, orthopedic surgeon, and a vocational rehabilitation expert to respond to Meinert's change in employment.  On August 22, 2016, the plaintiffs filed an objection to the defendants' motion.  The defendants' Reply withdrew their request for a vocational rehabilitation expert.  On September 2, 2016, in anticipation of the court's ruling on the Motion to Designate Sur-Rebuttal Experts, the plaintiffs disclosed the report of David Gibson, a vocational rehabilitation expert.  The defendants filed the Motion to Strike Plaintiffs' Untimely Expert Report [DE 123] on September 7, 2016.

The court granted the defendants' Motion to Designate Sur-Rebuttal Experts [DE 119], which allowed the defendants to disclose reports from an economist and orthopedic surgeon. The plaintiffs' filed the Motion for Leave to Identify Additional Experts [DE 135] on October

17, 2016. The defendants filed a Response in Opposition [DE 137], and the plaintiffs filed a Reply [DE 139].

*Discussion*

The court has vast discretion in the oversight and scheduling of discovery under the Federal Rules of Civil Procedure. *Cf. Crawford–El v. Britton*, 523 U.S. 574, 598 (1998); *Semien v. Life Insurance Co. of N.A.,* 436 F.3d 805, 813 (7th Cir. 2006). Discretion denotes the absence of a hard and fast rule. *Langnes v. Green*, 282 U.S. 531, 541 (1931)**;** ***Rogers v. Loether****,* 467 F.2d 1110, 1111–12 (7th Cir. 1972); *Lee v. Chicago Youth Centers*, 2015 WL 468879, at *2 (N.D. Ill. 2015). Under this standard, a court must act "with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Langnes,* 282 U.S. at 541. An abuse of discretion occurs when no reasonable person could agree with the district court's decision. *Adams v. City of Indianapolis*, 742 F.3d 720, 727 (7th Cir. 2014); *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 953 (7th Cir. 2013).

**Federal Rule of Civil Procedure 16(b)(4)** provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court. Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

**Federal Rule of Civil Procedure 37(c)(1)** states that a party who fails to disclose information required by Rule 26(a)(2) or 26(e)(1) is prohibited from using the evidence at trial unless such failure was harmless or justified. The burden to show that late disclosure of a new expert opinion was substantially justified or harmless is on the party who missed the deadline.

*Trinity Homes, LLC v. Ohio Casualty Insurance Co. Group*,, 2011 WL 2261297, *3. The court must consider the following four factors when determining whether the untimely disclosure is harmless and deciding whether to prohibit late disclosure: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the availability of the party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Trinity*, 2011 WL 2261297, *4; *Carter v. Finely Hospital,* 2003 WL 22232844 at *2 (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

The plaintiffs, after initially serving their expert report to the defendants, have requested the court to grant leave to identify additional experts, including David Gibson. The plaintiffs contend that Nicholas Meinert's change in employment triggered a need for a vocational rehab expert, which occurred after the plaintiffs' initial expert disclosure deadline, along with the defendants being allowed to disclose additional experts. The plaintiffs argue that they have demonstrated good cause sufficient for altering the discovery deadline.

The plaintiffs indicated to the defendants during phone calls and the March 2, 2016, status conference that they had no objection to both parties being allowed a vocational rehab expert, but objected to adding medical experts. The plaintiffs were forced to object to the Motion to Designate Sur-Rebuttal Experts [DE 119] because the defendants chose not to agree to the addition of the vocational rehab experts for both parties. Therefore, plaintiffs contend in an effort to avoid delay they hired their own vocational rehab expert.

The defendants have argued that in the interest of fairness the plaintiffs should not be allowed to add additional expert witnesses. The plaintiffs served a report of their own purported vocational rehab expert years after the deadline and after objecting to the defendants' motion

requesting leave to disclose a vocational rehab expert. The defendants indicated that Meinert changed jobs on January 1, 2015, therefore, the plaintiffs have failed to explain why they waited months to serve Gibson's expert report.

The defendants argued that they will be unfairly prejudiced if the court allows the plaintiffs to identify additional experts beyond Gibson. However, the plaintiffs are not seeking an open-ended request. Rather, the plaintiffs are concerned about the need to add an economist and to supplement any orthopedic opinions necessary in response to the defense's new experts, along with Gibson's report.

When determining whether an untimely expert report is harmless, the court must weigh the potential prejudice to the defendants, the ability to cure the prejudice, the likelihood of disruption at trial, and the bad faith in not disclosing the information earlier. ***David,*** 324 F.3d at 857. The court finds bad faith where the plaintiffs initially attempted to disclose a new expert opinion without leave of the court. *See **Trinity***, 2011 WL 2261297 at *5. The plaintiffs served Gibson's report on September 2, 2016, after the initial expert disclosure deadline, without leave, and after objecting to the defendants' request for a vocational rehab expert. It would be prejudicial to allow Gibson's expert report to stand without allowing the defendants to depose this new expert and possibly disclose their own vocational rehab expert.

The plaintiffs have indicated that no trial date has been set. However, the fact no date has been set does not render the late disclosure harmless. ***Physicians Healthsource, Inc. v. Alma Lasers, Inc.,*** 2014 WL 6561781, at *3 (N.D. Ill. 2014). The plaintiffs have failed to provide substantial justification for why they waited months after Meinert changed jobs and only after the defendants requested a vocational rehab expert to serve Gibson's report. The court finds that the plaintiffs have failed to meet the burden that the disclosure of Gibson was justified or

harmless.  *See **Finley v. Marathon Oil Co.,*** 75 F.3d 1225, 1230 (7th Cir. 1996).  The plaintiffs have not offered good cause for altering the discovery deadline.

Based on the foregoing reasons, the Joint Motion to Strike Plaintiffs' Untimely Expert Report [DE 123] is **GRANTED,** and the Motion for Leave to Identify Additional Experts [DE 135] is **DENIED.**

ENTERED this 28th day of November, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge