UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NICHOLAS MEINERT and <br> NICOLE MEINERT, Individually and as <br> Husband and Wife, <br><br> Plaintiffs, <br><br> v. <br><br> PRAXAIR INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:12-cv-92 <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Reconsider Court's Ruling in Denying Plaintiff's Economic Expert, David Gibson and Striking His Report [DE 146] filed by the plaintiffs, Nicholas Meinert and Nicole Meinert, on December 16, 2016. For the following reasons, the motion is **GRANTED.**

*Background*

This case arose from an injury that occurred on June 9, 2011, on the premises of United States Steel Corporation. The plaintiff, Nicholas Meinert, has alleged that he suffered injuries to his leg as a result of an accident. The defendants and counsel for the plaintiffs learned at a mediation on October 21, 2015, that Meinert changed his job in January of 2015 after experiencing difficulties from his injuries.

After becoming aware of Meinert's change in employment, the defendants requested a supplemental deposition of the plaintiff. The depositions of Meinert and his wife, Nicole Meinert, were taken on June 29, 2016 and July 28, 2016, respectively. On August 15, 2016, the defendants filed a Joint Motion to Designate Sur-Rebuttal Experts [DE 119] requesting the

designation of an economist, orthopedist, and vocational rehabilitation expert.  The plaintiffs objected to the defendants' request.   In the defendants' Reply, they withdrew their request for a vocational rehab expert.

The plaintiffs believed that the court would allow both the plaintiffs and the defendants to designate expert witnesses due to Meinert's change in employment.  Therefore, the plaintiffs obtained the report of David Gibson, a vocational economist, on August 29, 2016, and sent it to the defendants on September 2, 2016.  On September 7, 2016, the defendants filed the Joint Motion to Strike Plaintiffs' Untimely Expert Report [DE 123].  On September 21, 2016, the court granted the defendants' request to add additional experts.  The plaintiffs filed the Motion for Leave to Identify Additional Experts [DE 135] on October 17, 2016.  The defendants disclosed their economist expert report on October 20, 2016 and the orthopedic expert report on December 2, 2016.

The court denied the plaintiffs' Motion for Leave to Identify Additional Experts [DE 135] and granted the Motion to Strike Plaintiffs' Untimely Expert Report [DE 123].  The court found that the plaintiffs' attempt to file Gibson's report without leave was in bad faith and that they failed to meet the burden that the disclosure of Gibson was justified or harmless.  The plaintiffs have requested the court reconsider its denial of adding Gibson as an expert.  The plaintiffs have argued that it was impossible to disclose such an expert because the economic damages due to Meinert's change of employment were unknown until long after the expert disclosure deadline and that there has been a significant change in facts in this matter.

*Discussion*

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of

2

Civil Procedure." ***Hope v. United States***, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* ***Talano v. Northwestern Med. Faculty Found., Inc.***, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." ***Ahmed v. Ashcroft***, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* ***Seng-Tiong Ho v. Taflove***, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing ***Obriecht v. Raemisch***, 517 F.3d 489, 494 (7th Cir. 2008); ***United States v. Ligas***, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In ***Frietsch v. Refco, Inc.***, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see* ***Oto v. Metro. Life Ins. Co.***, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); ***Divane v. Krull Electric Co.***, 194 F.3d 845, 850 (7th Cir. 1999); ***LB Credit Corp. v. Resolution Trust Corp.***, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." ***Global View Ltd. Venture Capital v. Great***

*Central Basin Exploration*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

The plaintiffs have argued that the court misunderstood a portion of the plaintiffs' argument and that there has been a significant change in facts of this case. The plaintiffs have indicated that they did not argue that the defendants could not depose Gibson or disclose their own vocational rehab expert. Also, the plaintiffs claim that they will suffer unfair prejudice if they are unable to respond to the defendants' orthopedic expert and economist, who challenged Meinert's physical and economic damages for the first time. The plaintiffs indicated that they had to wait to serve Gibson's report until completion of their depositions and the 2015 tax return to verify Meinert's lost wages, so Gibson could fairly evaluate this matter.

The plaintiffs contend that the defendants, as indicated by the disclosure of their two experts' reports, have changed their theory of defense. The defendants disclosed their joint orthopedic expert, Dr. Robert E. Clemency, Jr., on December 2, 2016. The plaintiffs indicated that Dr. Clemency opined that Meinert's change in employment was "as much as anything, a lifestyle choice." Also, the defendants disclosed the report of an economist, James Barnard, on October 20, 2016. Barnard stated that Meinert suffered only $75,443.00 in economic losses due to his injuries. The defendants' expert reports were disclosed after the plaintiffs' filed the Motion for Leave to Identify Additional Experts.

The court finds that there has been a significant change in facts since the defendants' disclosure of the Clemency and Barnard reports. The expert reports substantially changed the damage portion of the case. The plaintiffs are entitled to rebut the opinions of the defendants' experts. In the interest of fairness, the defendants shall have the opportunity to depose Gibson and to disclose their own vocational economist, if necessary.

Based on the foregoing, the Motion to Reconsider Court's Ruling Denying Plaintiff's Economic Expert, David Gibson and Striking His Report [DE 146] is **GRANTED.** The court **GRANTS** leave to add vocational economist, David Gibson, as an expert. The defendants are granted until **March 31, 2017** to depose Gibson and until **April 28, 2017** to disclose any rebuttal vocational economist.

ENTERED this 14th day of February, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge