UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NICHOLAS MEINERT and NICOLE MEINERT, )<br>Individually and as Husband and Wife, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PRAXAIR, INC. a/k/a PRAXAIR )<br>DISTRIBUTION, INC., *et al*., )<br>)<br>Defendants. ) | Case No. 2:12-cv-92 |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to Disclose Additional Expert [DE 156] filed by the defendant, Praxair Distribution, Inc., on June 2, 2017. For the following reasons, the motion is **DENIED.**

*Background*

This matter arose from an injury that the plaintiff, Nicholas Meinert, sustained on June 9, 2011. Meinert was attempting to move a steel cart containing 12 argon cylinders when it fell on his leg. The plaintiffs have alleged that the caster assembly on the cart failed. On January 30, 2012, the plaintiffs filed a state court complaint against the defendants. The matter was removed to this court on March 2, 2012.

Pursuant to the court's order the parties timely disclosed their expert witnesses and reports. On August 15, 2016, the defendants filed a Joint Motion to Designate Sur Rebuttal Experts [DE 119]. The court found that due to Meinert's change in employment, the defendants had demonstrated good cause to designate an economist and orthopedic surgeon as additional experts after the disclosure deadline. On February 14, 2017, the court also granted the plaintiffs

leave to add a vocational economist and for the defendants to disclose a rebuttal vocational economist.

Praxair has requested leave to identify an additional expert, *instanter,* regarding issues of failure analysis. On June 15, 2017, the plaintiffs filed an Objection to Praxair Distribution, Inc.'s Motion for Leave to Disclose Additional Expert [DE 157]. Praxair has not filed a reply, and the time to do so has passed.

*Discussion*

**Federal Rule of Civil Procedure 26(a)** states that "a party must disclose to the other parties the identity of any witness it may use at trial . . . ." The disclosure must be made "at the time and in the sequence that the court orders." **Federal Rule of Civil Procedure 26(a)(2)(D).** Additionally, Rule 26 requires a party to supplement any disclosures in a timely manner if the party learns the disclosure is incomplete or incorrect in a material respect and if the additional or corrective information has not otherwise been disclosed to the other parties. **Federal Rule of Civil Procedure 26(e)(1)(A).**

**Federal Rule of Civil Procedure 37(c)(1)** states that a party who fails to disclose information required by Rule 26(a)(2) or 26(e)(1) is prohibited from using the evidence at trial unless such failure was harmless or justified. The burden to show that late disclosure of a new expert opinion was substantially justified or harmless is on the party who missed the deadline. ***Trinity Homes, LLC v. Ohio Casualty Insurance Co. Group***, 2011 WL 2261297, *3. In ***Banister v. Burton***, 636 F.3d 828, 833 (7th Cir. 2011), the Seventh Circuit stated that the district court "need not make explicit findings regarding a justification or the harmlessness of the Rule 26 violation, but ... the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the

2

party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *See also* **Westefer v. Snyder**, 422 F.3d 570, 585 n. 21 (7th Cir. 2005) (citing **David v. Caterpillar, Inc.,** 324 F.3d 851, 857 (7th Cir. 2003)).

Praxair has requested leave to disclose an additional expert to address issues of failure analysis related to the weld on the subject cart and caster. Praxair has indicated that failure analysis was discussed by plaintiffs' reconstruction and failure analysis expert, Dr. Charles Roberts, at his deposition on August 24, 2016. Because of Dr. Roberts' testimony and discovery that has occurred in the past several months, Praxair has argued that it should have an opportunity to address the issues of failure analysis with an expert witness. Also, Praxair contends that since the initial expert disclosure deadline circumstances have changed. Praxair has indicated that those changes include clarification of the plaintiffs' theory of liability, the dismissal of co-defendant Weldcoa, and further investigation and analysis by Praxair.

The plaintiffs contend that Praxair has addressed the issue of failure analysis with its Rule 26(a)(2) expert, Jason Hertzberg. The plaintiffs indicated that Hertzberg attended the initial inspection of the cart and caster in February of 2013 and the testing of the caster in November of 2013. In January of 2015, Hertzberg's expert report was disclosed. Praxair has not disputed the plaintiffs' contention. Also, the plaintiffs have argued that the addition of a new expert will cause delay by having to review the new material to see if supplementation is needed or possibly necessitating a need for an additional expert. Also, the plaintiffs have indicated that it would be prejudicial to be required to address a new expert this late in litigation.

The court finds that the late disclosure of Praxair's new expert is neither justified nor harmless under all the circumstances. The determination whether a Rule 26(a) violation is

justified or harmless is left to the discretion of the district court. *See David,* 324 F.3d at 857. Praxair's deadline to disclose liability and medical expert witnesses was January 30, 2015. On May 27, 2016, the court granted certain extensions on behalf of the defendants. Specifically, the defendants were given until August 15, 2016, to file a motion for leave to identify additional experts. The court has allowed the addition of expert witnesses for both parties. However, the parties had indicated a change in circumstance to justify the request.

A schedule shall not be modified except upon a showing of good cause and by leave of the court. **Federal Rule of Civil Procedure 16(b)(4)**. Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Praxair has argued that it has demonstrated good cause to alter the expert disclosure deadline because Dr. Roberts' deposition and the dismissal of Weldcoa occurred after the initial expert disclosure deadline had passed. However, Praxair has not indicated specifically what testimony Dr. Roberts gave that substantiated a need for an additional expert. Also, Weldcoa was dismissed from this matter on October 3, 2016. Praxair has not offered any explanation for its delay in requesting an additional expert. Praxair has indicated that this matter is not yet set for trial, but meeting discovery dates is the precondition to setting a trial date. The lack of a trial date is not a good reason for failing to comply with court ordered deadlines. *Hard Surface Solutions, Inc. v. Sherwin-Williams Co.,* 271 F.R.D. 612, 617 (N.D. Ill. 2010) ("It is no answer to say the trial date has not been set.").

The court finds that allowing Praxair to add an additional expert this late in discovery would prejudice the plaintiffs and only permit further delay by pushing back the discovery

deadline set for July 31, 2017, and the dispositive motion deadline set for September 29, 2017.

Based on the foregoing reasons, the Motion for Leave to Disclose Additional Expert [DE 156] is **DENIED.**

ENTERED this 18th day of July, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge