UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

NICHOLAS MEINERT and )
NICOLE MEINERT, Individually and as )
Husband and Wife, )
 )
      Plaintiffs, )
 )
  v. ) Case No. 2:12-cv-92
 )
PRAXAIR, INC., *et al.*, )
 )
      Defendants. )

**OPINION AND ORDER**

This matter is before the court on the Motion to Reconsider Court's Ruling Denying Leave to Disclose Additional Expert [DE 161] filed by the defendant, Praxair Distribution, Inc., on July 21, 2017. For the following reasons, the motion is **DENIED.**

*Background*

This case arose from an injury that occurred on June 9, 2011, on the premises of United States Steel Corporation. The plaintiff, Nicholas Meinert, has alleged that he suffered an injury when a steel cart containing 12 argon cylinders fell on his leg when he attempted to move it. The plaintiffs have claimed that the caster assembly on the cart failed, causing it to tip onto Meinert's leg. On November 7, 2013, the parties with their expert witnesses conducted testing of the damaged caster pursuant to a test protocol agreed to by the parties' expert witnesses. The test data accumulated during the testing was provided to the parties for further review by their expert witnesses.

Praxair filed the Motion for Leave to Disclose Additional Expert [DE 156] on June 2, 2017. The motion requested leave to disclose an additional expert, *instanter,* to address issues of

failure analysis of the weld on the subject cart and caster. Praxair indicated that circumstances had changed warranting an additional expert, including the deposition testimony of plaintiffs' expert, Dr. Charles Roberts, and the dismissal of co-defendant Weldcoa.

The court denied Praxair's motion finding that the late addition of a new expert was neither justified nor harmless. Also, the court found that Praxair had failed to demonstrate good cause to alter the expert disclosure deadline. The court reasoned that allowing Praxair to add an additional expert this late in discovery would prejudice the plaintiffs and further push back the discovery deadline. Praxair has requested that the court reconsider its denial of Praxair's Motion for Leave to Disclose an Additional Expert.

*Discussion*

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* **Talano v. Northwestern Med. Faculty Found., Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* **Seng-Tiong Ho v. Taflove**, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing **Obriecht v. Raemisch**, 517 F.3d 489, 494 (7th Cir. 2008); **United States v. Ligas**, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding

an issue not properly before it."). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Electric Co.*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

Praxair has argued that it was surprised by Dr. Roberts' testimony at his deposition because he raised the "weld properties" of the welds that broke in the accident. Praxair contends that Dr. Roberts' report did not contain opinions about the quality of the welds that broke in the accident. Praxair asserts that at his deposition, Dr. Roberts referenced an exhibit labeled "Meinert Testing Data" and indicated that the exhibit contained weld macros, metallurgical test data, metallurgical measurements, and the indication of various weld properties. Praxair has claimed that this was surprise testimony.

Also, Dr. Roberts stated at the deposition that he did not analyze the force required to break a weld or welding industry standards. He indicated that he believed plaintiffs' expert, Robert Dines, would testify to those issues. Praxair contends that its expert, Jason Hertzberg, is not a welding expert and that his opinions were disclosed prior to Dr. Roberts' deposition,

therefore it needs a welding expert to respond to the testimony of Roberts and Dines. However, at the time of this briefing, Praxair indicated that Dines had not yet been deposed.

Praxair has argued that it was surprised by plaintiffs' experts' new welding opinions. However, Praxair has referenced only Dr. Roberts' testimony regarding the "Meinert Testing Data" exhibit was a surprise. As indicated in Dr. Roberts' testimony, the information contained in the "Testing & Data" folder was related to the testing done on November 7, 2013, at Material Engineering, Inc. The parties have indicated that this information was available to all parties and their experts. Therefore, it was not new information. Further, Praxair contends that Dr. Roberts gave testimony not disclosed in the conclusions of his report. However, Praxair has not indicated specifically what testimony Dr. Roberts gave that was inconsistent with his report, which would require a response and a need to disclose a welding expert. Also, given that Dines has not yet been deposed, it is premature to argue that an additional expert is needed to respond to his testimony.

Praxair has not presented a sufficient reason for the court to reconsider its order from July 18, 2017. Rather, it has rehashed old arguments that already have been rejected. *See **Oto v. Metropolitan Life Ins. Co.,*** 224 F.3d 601, 606 (7th Cir. 2000) (motions to reconsider are not vehicles for rehashing old arguments that already have been rejected). It has not demonstrated a manifest error of law or newly discovered evidence that would allow the court to reconsider its decision.

Based on the foregoing, the Motion to Reconsider Court's Ruling Denying Leave to Disclose Addition Expert [DE 161] is **DENIED.**

ENTERED this 24th day of October, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge