UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NICHOLAS MEINERT and<br>NICOLE MEINERT, Individually and<br>as Husband and Wife,<br><br>        Plaintiffs,<br><br>    v.<br><br>PRAXAIR, INC. a/k/a PRAXAIR<br>DISTRIBUTION, INC., *et al.*,<br><br>        Defendants. | Case No. 2:12-cv-92 |

**OPINION AND ORDER**

This matter is before the court on the Renewed Motion for Leave to Disclose Additional Expert [DE 178] filed by the defendant, Praxair Distribution, Inc., on March 13, 2018. For the following reasons, the motion is **DENIED.**

*Background*

This matter arose from an injury that the plaintiff, Nicholas Meinert, sustained on June 9, 2011. Meinert was attempting to move a steel cart containing 12 argon cylinders when it fell on his leg. The plaintiffs have alleged that the caster assembly on the cart failed. On January 30, 2012, the plaintiffs filed a state court complaint against the defendants. The matter was removed to this court on March 2, 2012.

Praxair has filed a renewed motion requesting leave to identify Thomas Eager as an additional liability expert, *instanter*, to discuss the issues of failure analysis. Praxair previously filed a request to add an additional expert to discuss failure analysis with the court on June 2, 2017. [DE 156]. Praxair argued that the issue of failure analysis was discussed by plaintiffs' expert, Charles Roberts, at his deposition but was not described fully in his written Rule 26

report. The court denied that motion on July 18, 2017, finding that allowing Praxair to add an expert so late in discovery would prejudice the plaintiffs and further push back the discovery and dispositive motion deadlines. [DE 158]. Also, Praxair failed to indicate what testimony Roberts gave that substantiated a need for an additional expert. Praxair subsequently filed a motion requesting that the court reconsider its order denying Praxair's request to disclose an additional expert, which the court also denied. [DE 161, 175].

At the status conference held on October 25, 2017, the court extended the discovery deadline to February 28, 2018. The discovery deadline now has passed, and neither party requested an extension. Praxair has filed this renewed motion seeking leave to identify Thomas Eager as an additional liability expert to rebut the opinions and testimony provided by plaintiffs' expert, Robert Dines. The plaintiffs filed a response in opposition on April 5, 2018, and Praxair filed a reply on April 16, 2018.

*Discussion*

**Federal Rule of Civil Procedure 26(a)** states that "a party must disclose to the other parties the identity of any witness it may use at trial . . ." The disclosure must be made "at the times and in the sequence that the court orders." **Federal Rule of Civil Procedure 26(a)(2)(D).** Additionally, Rule 26 requires a party to supplement any disclosures in a timely manner if the party learns the disclosure is incomplete or incorrect in a material respect and if the additional or corrective information has not otherwise been disclosed to the other parties. **Federal Rule of Civil Procedure 26(e)(1)(A).**

**Federal Rule of Civil Procedure 37(c)(1)** states that a party who fails to disclose information as required by Rule 26(a)(2) or 26(e)(1) is prohibited from using the evidence at trial unless such failure was harmless or justified. The burden to show that late disclosure of a new

expert opinion was substantially justified or harmless is on the party who missed the deadline. ***Trinity Homes, LLC v. Ohio Casualty Insurance Co. Group***, 2011 WL 2261297, *3 (S.D. Ind. June 8, 2011). In ***Banister v. Burton***, 636 F.3d 828, 833 (7th Cir. 2011), the Seventh Circuit held that the district court "need not make explicit findings regarding a justification or the harmlessness of the Rule 26 violation, but . . . the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date."

A schedule shall not be modified except upon a showing of good cause and by leave of the court. **Federal Rule of Civil Procedure 16(b)(4).** Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." ***Tschantz v. McCann***, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Praxair has requested leave to disclose Eager as an additional expert to address issues of failure analysis concerning the weld on the subject cart and caster. This request comes over three years after the disclosure deadline. Praxair contends that the late disclosure is justified because plaintiffs' expert, Robert Dines, at his deposition was unable to provide support for the conclusions that were provided in his report. According to Praxair, Dines' deposition revealed his opinions to be vague, confusing, incomplete, and unsupported. In particular, Praxair has suggested that Dines does not know the strength of the weld or force that allegedly caused the first fracture; that Dines did not do the necessary calculations to determine that force; and that Dines does not know the force or load that caused the second fracture.

Thus, Praxair has argued that at trial it will need the expert testimony of Eager to respond to Dines' opinions and to prevent those opinions from confusing the jury. Praxair further has maintained that the theory of liability that Dines will present at trial only became evident after his deposition and was not clear from his written report. To rebut this new theory of liability, Praxair has claimed that the testimony of its additional expert is necessary. Finally, Praxair has suggested that the late disclosure would not delay discovery since a trial date has not been set.

The plaintiffs have indicated that Praxair's Rule 26(a)(2) expert, Jason Hertzberg, already has addressed the issue of failure analysis. They have noted that Hertzberg attended the initial inspection of the cart and caster in February of 2013 and the testing of the caster in November of 2013. Praxair has argued that while Hertzberg was at the initial testing he was only there to evaluate the integrity and composition of components, rather than for failure analysis purposes. The plaintiffs contend that Praxair's disclosure of Eager would be prejudicial and create further delay by having to combat a new expert this late in the litigation. The plaintiffs also contend that an additional expert would require them to reevaluate Praxair's defenses and the issues that previously were raised in numerous depositions.

The court finds that the late disclosure of Praxair's new expert neither is harmless nor justified. This determination is at the discretion of the district court. *See **David v. Caterpillar, Inc.,*** 324 F.3d 851, 857 (7th Cir. 2003). At this point in the proceedings, Praxair's untimely disclosure would delay the scheduling of a trial date. Contrary to Praxair's contention, the lack of a trial date is not adequate reason for a failure to comply with discovery deadlines. *See **Hard Surface Solutions, Inc. v. Sherwin-Williams Co.***, 271 F.R.D. 612, 617 (N.D. Ill. 2010) ("It is not answer to say the trial date has not been set."). Moreover, the court already has found that the addition of a new expert sufficiently late in the discovery period would be prejudicial to the

plaintiffs and result in delay. It is not merely late in discovery, but in fact the discovery deadline has passed. Therefore, the court would have to reopen discovery, permitting further delay. *See* **Finwall v. City of Chicago,** 239 F.R.D. 494, 501 (N.D. Ill. 2006) ("Late disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen discovery."). Praxair did not request an extension for additional discovery to accommodate its expert disclosure. Therefore, Praxair's ability to cure the prejudice is limited because the deadline has passed.

Next, in determining whether a late disclosure is justified, the question is "not the usefulness of the late-disclosed expert's opinion but rather whether the party's failure to timely disclose that opinion is justified." **G & S Metal Consultants, Inc. v. Cont'l Cas. Co.**, 2013 WL 6047574, at *4 (N.D. Ind. Nov. 15, 2013). Praxair contends that Eager's expert opinion will be necessary to clarify any confusion created by Dines' testimony at trial. Praxair has failed to address why, assuming Dines' opinions are incomplete and unsupported, this issue cannot be argued in the appropriate *Daubert* motion challenging the admissibility of Dines' opinion or during cross-examination. Further, Praxair has failed to explain why Hertzberg, whose professional background is in failure analysis, is inadequate to testify on the failure analysis issues. The court reminds Praxair that it carries these burdens as the party who missed the deadline. *See* **Trinity Homes, LLC,** 2011 WL 2261297, *3.

The court also finds that Praxair has provided inadequate support for its contention that the plaintiffs' theory of liability only became evident after Dines' deposition. Praxair concedes that Dines' report indicated that the initial fracture was due to an overload condition and that the second fracture distorted the caster base plate and dislocated the caster bracket. Praxair has not pointed to any new opinions that were elicited by Dines at his deposition. The plaintiffs have

indicated that the claims against Praxair include that Praxair "failed to inspect the caster prior to it being sent to the plaintiff's employer thereby not catching the initial damage and allowing a dangerous product out of their facility." Thus, as argued by the plaintiffs, Praxair's request to disclose Eager because he has calculated the amount of force required to cause the initial fracture to the weld is irrelevant. Additionally, Praxair has not presented to the court any new testimony from Dines that would justify disclosing an additional expert.

The court is interested in the expeditious resolution of this matter. At this point in the proceedings, leave to add an additional expert will prejudice the plaintiffs. Also, considering that discovery is closed Praxair's ability to cure the prejudice is limited and will disrupt the scheduling of a trial date. Therefore, the court finds that Praxair has not provided substantial justification to disclose an additional expert.

Based on the foregoing reasons, the Renewed Motion for Leave to Disclose Additional Expert [DE 178] is **DENIED.**

ENTERED this 28th day of June, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge